NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: April 18, 2023

S23A0340.  MARTIN v. THE STATE.

BOGGS, Chief Justice.

Appellant Anthony Jerry Martin challenges his 2015 convictions for felony murder and a firearm offense in connection with the shooting death of Marlon Underwood. Appellant's sole enumeration of error is that the evidence presented at trial was legally insufficient to support his convictions as a matter of constitutional due process and Georgia statutory law. However, as explained below, when properly viewed in the light most favorable to the jury's verdicts, the evidence was sufficient to support Appellant's convictions. Accordingly, we affirm.[1]

---

[1] Underwood was killed on October 4, 2015. On July 5, 2017, a Chatham County grand jury indicted Appellant and a co-defendant, Mylek Anthony Bigham, for malice murder, three counts of felony murder, aggravated assault with a deadly weapon, aggravated assault with intent to rob, possession of a

1.     Viewed in the light most favorable to the verdicts, the evidence at trial showed the following. On October 3, 2015, at around 6:00 p.m., Appellant used his cell phone to take three photographs of himself wearing a brightly colored shirt with a distinctive pattern. Later that evening, Appellant saved Underwood's cell phone number in his cell phone under the name

firearm by a convicted felon, and three counts of possession of a firearm during the commission of a crime. At a trial from March 5 to 9, 2018, the jury acquitted Bigham of all charges. The jury also acquitted Appellant of malice murder, possession of a firearm by a convicted felon, felony murder based on the felon-in-possession charge, and aggravated assault with a deadly weapon but found him guilty of the remaining charges. The trial court sentenced Appellant as a recidivist under OCGA § 17-10-7 (c) to serve life in prison without the possibility of parole for felony murder based on aggravated assault with intent to rob and a consecutive term of five years for possession of a firearm during the commission of felony murder. The court also erroneously sentenced Appellant for felony murder based on aggravated assault with a deadly weapon, aggravated assault with intent to rob, and the other two counts of possession of a firearm during the commission of a felony. Appellant filed a timely motion for new trial, which he amended with new counsel on August 24, 2022. On September 13, 2022, the trial court held a hearing on the motion. On October 3, 2022, the court entered an order resentencing Appellant, this time not as a recidivist, to serve life in prison with the possibility of parole for felony murder based on aggravated assault with intent to rob and a term of five years consecutive for possession of a firearm during the commission of a felony. The court vacated the other felony murder count on which the jury found Appellant guilty, merged the count of aggravated assault with intent to rob and the two other counts of possession of a firearm during the commission of a felony, and otherwise denied Appellant's motion for new trial. Appellant filed a timely notice of appeal, and the case was docketed in this Court for the term beginning in December 2022 and submitted for decision on the briefs.

2

"Lick," a slang term for the target of a robbery. The next day, between 5:11 p.m. and 7:00 p.m., Appellant exchanged a series of text messages and cell phone calls with Underwood in which he arranged to meet Underwood at a gas station and convenience store in Savannah, ostensibly to buy marijuana. Underwood said that he was driving a "red jeep," and Appellant said that he was in a black Altima.

At 7:12 p.m., Underwood backed his red SUV into a parking space near the entrance to the convenience store beside a white Honda. Underwood opened the front driver-side door but remained in the SUV with the lights on and the engine running. Appellant and another man approached, and Underwood produced a digital scale and several grapefruit-sized baggies of marijuana. A struggle over the marijuana ensued in which two of the baggies fell under the white Honda, at least one baggie was torn open and marijuana was strewn into the parking lot, and Appellant dropped his cell phone. Surveillance video from inside and outside the convenience store captured part of the struggle as the three men moved from between

3

the SUV and the white Honda towards the store window and then the entrance to the store. In the video, Appellant is wearing the same brightly colored shirt with the distinctive pattern that he had on when he took the three photographs of himself on his cell phone a little more than 24 hours earlier.

At 7:13 p.m., the man with Appellant fired a .22-caliber pistol at Underwood, striking him once in the left side of the chest and hitting the rear driver-side door of the SUV. Appellant and the man with him then fled the scene as Underwood stumbled through the parking lot to the door of the convenience store, dropped his cell phone, and collapsed. Responding officers arrived within a minute or two of the shooting, and Underwood was taken to a nearby hospital, where he died from the gunshot wound to his chest. No firearms were found at the scene or otherwise.

At trial, Appellant elected not to testify in his own defense and called no witnesses. His defense theory was that the police did not do a thorough investigation, that the evidence failed to show that he was present at the shooting, and that even if the evidence showed

4

that he was present, it did not show what his role in the incident was.

2. Appellant's sole enumeration of error is that the evidence was insufficient to support his convictions as a matter of constitutional due process and OCGA § 24-14-6. We disagree.

The proper standard of review for sufficiency of the evidence as a matter of constitutional due process is whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979). This Court views the evidence in the "light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence." *Hayes v. State*, 292 Ga. 506, 506 (739 SE2d 313) (2013) (citation omitted).

Appellant's cell phone, which was recovered at the scene of the shooting, contained several self-taken photographs, or "selfies," of Appellant wearing a brightly colored shirt with a distinctive pattern a little more than 24 hours before the shooting, and the surveillance video showed a man wearing the same shirt and another man

5

struggling with Underwood moments before the shooting, although it did not capture the actual shooting. Data from Appellant's and Underwood's cell phones showed that they were communicating in the time leading up to the shooting, including through text messages referring to an upcoming meeting. The day before the shooting, Appellant saved Underwood's cell phone number in his cell phone under the name "Lick," a term that law enforcement officers testified was a slang term for the target of a robbery. And responding officers, who arrived within a minute or two of the shooting, found a digital scale and a large amount of marijuana at the scene. Viewed in the light most favorable to the jury's verdicts, this evidence was sufficient as a matter of constitutional due process to authorize a rational trier of fact to find Appellant guilty beyond a reasonable doubt as a party to the crimes of felony murder and possession of a firearm during the commission of a felony. See *Jackson*, 433 U.S. at 319. See also OCGA § 16-2-20 (defining parties to a crime).

Appellant's reliance on OCGA § 24-14-6 is unavailing. That statute says that "[t]o warrant a conviction on circumstantial

6

evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." "The reasonableness of an alternative hypothesis raised by a defendant is a question principally for the jury." See *Cochran v. State*, 305 Ga. 827, 829 (828 SE2d 338) (2019).

Appellant claims that the evidence against him was wholly circumstantial and puts forward the alternative hypothesis that Underwood was armed, the aggressor, and the one attempting a robbery. But even assuming (without deciding) that the case against Appellant was wholly circumstantial, the jury was authorized to reject Appellant's alternative hypothesis as unreasonable based on the evidence, which showed that no firearms were found at the scene, and that Appellant arranged the meeting and saved Underwood's cell phone number in his cell phone under the name "Lick." Accordingly, Appellant's challenge to the sufficiency of the evidence as a matter of constitutional due process and Georgia statutory law fails.

*Judgment affirmed. All the Justices concur.*